# United States Court of Federal Claims

No. 18-842 C
Filed: October 5, 2018

---

JAMES K. ARINGTON,

    *Plaintiff,*

v.

UNITED STATES OF AMERICA,

    *Defendant.*

---

## OPINION AND ORDER

*Hodges*, **Senior Judge.**

    Mr. Arington filed this complaint *pro se*, asserting that three judges on the United States Court of Appeals for the Seventh Circuit have violated plaintiff's Constitutional and civil rights. He has filed a number of motions related to this case, all of which are pending currently. These include plaintiff's motion for leave to proceed *in forma pauperis;* plaintiff's motion to invoke federal jurisdiction for urgent medical needs; plaintiff's motion for judicial notice; plaintiff's motion for extension of time to file response; plaintiff's motion for leave to file amended complaint; plaintiff's motion for leave to file corrected exhibits; plaintiff's motion to present additional due process violations in the workers compensation board hearing; and plaintiff's motion for relief in the form of medical treatment. Defendant filed a motion to dismiss for lack of subject matter jurisdiction prior to plaintiff's motion for leave to file an amended complaint.

    We grant the following: plaintiff's motions for leave to proceed *in forma pauperis;* plaintiff's motion for extension of time to file a response; and plaintiff's motion for leave to file an amended complaint. The amended complaint is deemed filed as of the date of this Opinion. The amended complaint in this case was filed also filed in *Arington v. United States,* 18-842. As a result, we dismiss defendant's motion to dismiss as moot, and we dismiss the remainder of plaintiff's miscellaneous motions. We dismiss the amended complaint *sua sponte* for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3).

## BACKGROUND

Plaintiff's complaint and amended complaint allege multiple violations of his Constitutional and civil rights based on denial of and "unlicensed" medical treatment stemming from a workers compensation claim. He originally filed a claim in the United States District Court for the Northern District of Indiana alleging bad faith, fraudulent, and criminal activity by state and government officials. *Arington v. Workers Comp. Bd. of Ind.*, No. 16-315, slip op. at 3-5 (N.D. Ind. June 1, 2017). That complaint was dismissed for failure to state a claim upon which relief can be granted. *Id.*

Plaintiff filed three additional complaints in this court, two of which have been dismissed. *See Arington v. United States*, No. 17-902; *Arington v. United States*, No. 18-713; *Arington v. United States*, No. 18-875. This case differs slightly from the other three, but shares many allegations.

The complaint and amended complaint allege that the United States Department of Justice and a certain Government official violated his First, Fifth, Eighth, Ninth and Fourteenth amendment rights causing him injury. He characterizes the claim as a Bivens action. *See* Bivens *v. Six Unkown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff asserts that the Federal Government has knowledge of violations of his civil and Constitutional rights by state and federal officials. The alleged violations of his rights was the denial of certain medical treatment related to a workers compensation claim. He also alleges that the District Court has committed felonies and thus lost jurisdiction over this claim. He seeks monetary, declaratory, equitable, and injunctive relief.

## STANDARD OF REVIEW

The court must dismiss any action "if [it] determines at any time that it lacks subject-matter jurisdiction." RCFC 12(h)(3). Jurisdiction is conferred upon this court by Congress through the Tucker Act, which establishes the court's power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

Pleadings for *pro se* plaintiffs are held to less stringent standards than those drafted by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Such leniency does not, however, relieve plaintiff the burden of meeting the jurisdictional requirements of the court.

RECEIVED - USCFC
OCT - 5 2018

Plaintiff filed an application to proceed *in forma pauperis* pursuant to Title 28 U.S.C. § 1915(a), which provides that a court may permit the filing of a civil action without prepayment of fees if the plaintiff submits an affidavit demonstrating that plaintiff "is unable to pay the costs of said proceedings or to give security thereof."

## DISCUSSION

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Ex Parte McCardle,* 74 U.S. 506, 514 (1868). Plaintiff's complaint appears to include primarily allegations of tortious acts, such as violations of civil rights and certain Constitutional rights, and felonious actions by an Indiana district court and the Department of Justice. The Tucker Act does not grant to this court jurisdiction over criminal acts, and with limited exceptions, we do not hear cases alleging torts.

This court hears cases involving Constitutional claims that provide money damages, such as the Fifth Amendment provision that prohibits the Government from taking private property without just compensation. The amendments cited by plaintiff do not fall within this category. The Court of Federal Claims does not have jurisdiction over claims brought under the Civil Rights Act. 42 U.S.C. §§ 1981-88; *Flowers v. United States*, 321 F. App'x 928. 934 (Fed. Cir. 2008).

Plaintiff's sworn application states that he is unemployed, and his list of debts and assets establish a reasonable basis for granting his application according to the rules and practice of this court. Therefore, we grant plaintiff's motion for leave to proceed *in forma pauperis*.

## CONCLUSION

Plaintiff's motion for leave to proceed *in forma pauperis*, motion for extension of time to file a response and motion for leave to file an amended complaint are GRANTED. Plaintiff's motions to invoke federal jurisdiction for urgent medical needs; for judicial notice; to file corrected exhibits; to present additional due process violations, and for relief in the form of medical treatment are DENIED.

Neither plaintiff's original complaint nor his amended complaint allege claims over which this court has jurisdiction. Defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is DENIED as moot due to the filing of the amended complaint. However, we DISMISS plaintiff's complaint *sua sponte* pursuant to RCFC 12(h)(3) for a lack of subject matter jurisdiction. The Clerk is ordered to enter judgment accordingly.

IT IS SO ORDERED.

_____
Robert H. Hodges, Jr.
Senior Judge